## UNITED STATES COURT OF APPEALS
## for the Fifth Circuit

_____

No. 95-10044
Summary Calendar
_____

THELMA GOODING,

Plaintiff-Appellant,

VERSUS

DONNA E. SHALALA, SECRETARY, DEPARTMENT OF HEALTH & HUMAN
SERVICES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:93 CV 1675 G)
_____

August 31, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM[1]:

Thelma Gooding appeals the denial of her application for disability benefits. We affirm.

Gooding correctly argues that the district court erred by considering new evidence of her obesity which had not been considered by the Commissioner. See Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988). This error was harmless, however, because the evidence was not material to the issue of her disability at the time she applied for benefits or at the time of

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

the hearing.  <u>Johnson v. Heckler</u>, 767 F.2d 180, 183 (5th Cir. 1994); <u>see</u> <u>also</u> <u>Latham v. Shalala</u>, 36 F.3d 482, 483 & n.2 (5th Cir. 1994).  The new evidence relates to periods well after both events. This evidence may, however, form the basis of a new claim.

Appellant next argues that the Administrative Law Judge misstated her testimony regarding her daily activities and her symptoms.  The record belies this argument.  We are satisfied that he correctly recounted both her testimony and her symptoms. Appellant then complains that the ALJ did not properly apply the two-step process for evaluating symptoms.  Yet Appellant cites no authority that the record must demonstrate that the steps were each applied discreetly and indeed the regulation itself does not so state.  <u>See</u> C.F.R. § 404.1529.  The judge did state that in making his findings he had considered all evidence presented relating to Gooding's complaints.

AFFIRMED.